1  Tina Wolfson, SBN 174806
   twolfson@ahdootwolfson.com
2  **AHDOOT & WOLFSON, PC**
3  1016 Palm Avenue
   West Hollywood, California 90069
4  Tel: 310-474-9111; Fax: 310-474-8585

5  Nick Suciu III (*Pro Hac Vice* Application Forthcoming)    Jonathan Shub, SBN 237708
   nicksuciu@bmslawyers.com                                   jshub@seegerweiss.com
6  **BARBAT, MANSOUR & SUCIU PLLC**                           **SEEGER WEISS, LLP**
7  434 West Alexandrine #101                                  1515 Market Street
   Detroit, Michigan 48201                                    Philadelphia, Pennsylvania 19102
8  Tel: (313) 303-3472                                        Tel: (215) 564-1300; Fax: (215) 851-8092

9  Counsel for Plaintiff,
   BRENDAN EISAN

10

11                    **UNITED STATES DISTRICT COURT**

12                    **NORTHERN DISTRICT OF CALIFORNIA**

13                         **San Francisco Division**

14
   BRENDAN EISAN, individually and on behalf of      Case No. 3:15-cv-00422
15 all others similarly situated,
                                                      **CLASS ACTION COMPLAINT**
16                              Plaintiff,
                                                      JURY TRIAL DEMANDED
17          v.
                                                      **1. Violations of California Consumers Legal**
18 FORWARD FOODS, LLC,                                **Remedies Act, Cal. Civ. Code § 1750, *et seq.***
19                              Defendant.            **2. Violations of California False Advertising**
20                                                    **Law, Cal. Bus. & Prof. Code § 17500, *et seq.***

21                                                    **3. Violations of California Unfair Competition**
22                                                    **Law, Cal. Bus. & Prof. Code § 17200, *et seq.***

23                                                    **4. Unjust Enrichment**

24                                                    **5. Breach of Express Warranty**

25

26

27

28

                            CLASS ACTION COMPLAINT

Plaintiff Brendan Eisan ("Plaintiff"), individually and on behalf of himself and all others similarly situated, by his undersigned attorneys, upon personal knowledge as to himself, upon information and belief, and based upon the investigation of his Counsel as to the remaining allegations, alleges as follows:

**INTRODUCTION**

1.      This is a civil class action brought individually by Plaintiff and on behalf of all persons and entities in the United States and the State of California ("Class Members"), who purchased the whey protein snack bars Detour Lean Muscle Whey Protein Bar, Detour Lower Sugar Whey Protein Bar, and Detour Original Whey Protein Bar (collectively, the "Products") manufactured by Defendant Forward Foods, LLC ("Defendant").

2.      The whey protein industry is a growing and extremely competitive business environment.  The market for protein products "is expected to grow by 62% to reach US$7.8 billion in 2018."  *See* http://www.euromonitor.com/sports-nutrition-in-the-us/report (last visited Nov. 10, 2014).

3.      Food and dietary supplement companies have been including protein in their products that are targeted at all age groups and lifestyles, including people engaged in fitness, as part of a weight loss program, and protein supplementation for aging adults.

4.      Protein is an important component of every cell in the body. Hair and nails are mostly made of protein. The body uses protein to build and repair tissues, and also to make enzymes, hormones, and other biochemical substances.   Protein is an important building block of bones, muscles, cartilage, skin, and blood.

5.      Defendant designed, manufactured, warranted, advertised, and sold the Products throughout the United States, including in the State of California.

6.      In an effort to reduce manufacturing costs, Defendant significantly reduced the protein content of the Products, as compared to the label claims.

7.      As a result of Defendant's practices, the consumer is left with products that contain less protein than Defendant represented.

CLASS ACTION COMPLAINT

8.      Despite the knowledge that the mislabeling of the Products is misleading to consumers, Defendant continues to advertise, distribute, label, manufacture, market, and sell the Products in a misleading and deceptive manner.

## PARTIES

9.      During the Class period commencing four years before the date of this filing, class members in California and throughout the United States purchased the Products through the Vitamin Shoppe  and numerous other brick and mortar and online retail stores.  Plaintiff and class members suffered an injury in fact caused by the false,  fraudulent, unfair, deceptive and misleading practices set forth in this Complaint.

10.      Plaintiff Brendan Eisan is a resident of Los Angeles, California.  He purchased the Products for his own use during the four years preceding the filing of this complaint, most recently from the Vitamin Shoppe located at 1430 Van Ness Avenue, San Francisco, California 94109.

11.      Defendant Forward Foods, LLC is licensed in the State of Delaware, with  a principal place of business address at 2310 South Carson Street #6, Carson City, Nevada 89701.

## JURISDICTION AND VENUE

12.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d) because the combined claims of the proposed class members exceed $5,000,000[1] and because Defendant is a citizen of a different state from the members of the Classes.

13.      This Court has personal jurisdiction over Defendant because it regularly conducts business in this District.

14.      Venue is proper in this District pursuant to: (1) 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; and (2) 28 U.S.C. § 1391(b)(3) in that Defendant is subject to personal jurisdiction in this District.

---

[1] Defendant's Products are sold through numerous different online and brick/mortar retailers, including the Vitamin Shoppe.  There are likely tens of thousands of class members composing the proposed classes with tens of millions of dollars spent on the Products due to the far reaching distribution channels and high consumer demand for whey protein products.

15.     Intradistrict Assignment: Pursuant to Civil Local Rules 3-2(c) a substantial part of the events or omissions which give rise to the claims occurred in San Francisco County, and it is therefore appropriate to assign this action to the San Francisco Division.

**FACTUAL ALLEGATIONS**

**Defendant's Misleading Labeling of Detour Lean Muscle Whey Protein Bar**

16.     The Detour Lean Muscle Whey Protein Bar product label states plainly "32g Protein" on the front of the packaging, and indicates that there are 32 grams of protein per serving in the Nutrition Facts section:



17.     According to scientific testing of the Detour Lean Muscle Whey Protein Bar product, the actual total content per serving of protein is approximately 25.875 grams as opposed to 32 grams of protein claimed by Defendant.  *See* Exhibit A.

**Defendant's Misleading Labeling of Detour Lower Sugar Whey Protein Bar**

18.     The Detour Lower Sugar Whey Protein Bar product label states plainly "15g Protein" on the front of the packaging, and indicates that there are 15 grams of protein per serving in the Nutrition Facts section:



3

19.     According to scientific testing of the Detour Lower Sugar Whey Protein Bar product, the actual total content per serving of protein is approximately 10.58 grams as opposed to 15 grams of protein claimed by Defendant.  *See* Exhibit B.

**Defendant's Misleading Labeling of Detour Original Whey Protein Bar**

20.     The Detour Original Whey Protein Bar product label states plainly "30g Protein" on the front of the packaging, and indicates that there are 30 grams of protein per serving in the Nutrition Facts section:



21.     According to scientific testing of the Detour Original Whey Protein Bar product, the actual total content per serving of protein is approximately 28.57 grams as opposed to 30 grams of protein claimed by Defendant.  *See* Exhibit C.

22.     Plaintiff and Class Members were in fact misled by Defendant's representations regarding the true protein content and value.

23.     The difference between the Products promised and the Products sold is significant.  The amount of actual protein provided, and the measure of protein per serving, has real impacts on the benefits provided to consumers by the Products, and the actual value of the Products.

24.     The FDA promulgated regulations for compliance with the FDCA and DSHEA at 21 C.F.R. 101, *et seq.*  The fabricated food Products are misbranded under 21 C.F.R. 101, *et seq.*

25.     Defendant's deceptive statements violate 21 U.S.C. § 343(a)(1), which deems food misbranded when the label contains a statement that is "false or misleading in any particular".

4

26.     Similarly to the FDCA, California prohibits the misbranding of food through Cal. Health & Saf. Code § 109875, *et seq*. (the "Sherman Law").  The Sherman Law provides that food is misbranded "if its labeling is false or misleading in any particular."  *Id*.

27.     The Sherman Law explicitly incorporates by reference "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the FDCA," as the food labeling regulations of California Cal. Health & Saf. Code, § 110100, subd. (a).

28.     Further, as explained above, Defendant's claims are misleading to consumers in violation of 21 U.S.C. § 343, which states, "A food shall be deemed to be misbranded—False or misleading label [i]f its labeling is false or misleading in any particular."

29.     The introduction of misbranded food into interstate commerce is prohibited under the FDCA and all state parallel statutes cited in this Complaint.

30.     Plaintiff and Class Members would not have purchased the Products, or would have not paid as much for the Products had they known the truth about the mislabeled and falsely advertised Products.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action individually and as representatives of all those similarly situated pursuant to Rule 23 F.R.C.P. on behalf of the class and subclass ("the Classes").  The Classes are defined as follows:

> **National Class:**  All persons in the United States who purchased the Products at any time during the four years before the date of filing of this Complaint to the present.
>
> **California Subclass:**  All persons in the State of California who purchased the Product at any time during the four years before the date of filing of this Complaint to the present.

32.     Excluded from the Classes are Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors.  Also excluded are the judge to whom this case, any member of the judge's immediate family, and the courtroom staff.

CLASS ACTION COMPLAINT

33.     The Classes are so numerous that joinder of all members is impracticable.  On information and belief, the Classes have more than 10,000 members.  Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

34.     There are numerous questions of law and fact common to Plaintiff and members of the Classes.  These common questions of law and fact include, but are not limited to, the following:

   a.     The true nature of the protein content in the Products;

   b.     Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

   c.     Whether Defendant's actions violate California's Unfair Competition Law, Business and Professions Code §17200, *et seq.* (the "UCL");

   d.     Whether Defendant's actions violate California's False Advertising Law, Business and Professions Code §17500, *et seq.* (the "FAL");

   e.     Whether Defendant's actions violate California's Consumers Legal Remedies Act, Civil Code §1750, *et seq.* (the "CLRA");

   f.     Whether Defendant was unjustly enriched at the expense of the Plaintiff and Class Members; and

   g.     Whether Defendant breached an express warranty to Plaintiff.

35.     Plaintiff's claims are typical of the claims of the Classes.  Plaintiff's claims, like the claims of the Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

36.     Plaintiff will fairly and adequately protect the interests of the Classes.  Plaintiff has retained competent and capable attorneys with significant experience and complex and class action litigation, including consumer class actions.  Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so.  Neither Plaintiff nor their counsel has interests that are contrary to or that conflict with those of the proposed Classes.

37.     Defendant has engaged in a common course of conduct toward Plaintiff and members of the Classes.  The common issues arising from this conduct that affect Plaintiff and members of the

CLASS ACTION COMPLAINT

Classes predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

38.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is necessary to compel Defendant to keep such adulterated and misbranded products out of the market and to compensate those who have mislead into purchase of the Products. The interests of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because Defendant acted or failed to act on grounds generally applicable to the Classes. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

39.     Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class wide basis.

**FIRST CAUSE OF ACTION**

**Violations of the California Consumers Legal Remedies Act, Cal. Civ. Code §1750, *et. seq.***

**(On Behalf of the California Subclass)**

40.     Plaintiff incorporates all preceding factual allegations as if fully set forth herein.

41.     Plaintiff and each member of the California Subclass is a "Consumer" as that term is defined by Cal. Civ. Code § 1761(d).

42.     The Products are a "Good" as that term is defined by Cal. Civ. Code § 1761(a).

43.     Defendant is a "Person" as defined by Cal. Civ. Code § 1761(c).

44.     The transaction(s) involved here are "Transaction(s)" as defined by Cal. Civ. Code § 1761(e).

45.     Plaintiff and members of the California Subclass are Consumers who purchased the Products for personal use within the applicable statute of limitations period.

CLASS ACTION COMPLAINT

46.     Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury-in-fact and has lost money or property as a result of Defendant's actions as set forth here.

47.     Plaintiff and California Subclass members purchased the Products in reliance on Defendant's labeling and marketing claims.

48.     Defendant's practices constitute violations of Cal. Civ. Code § 1770 in at least the following respects:

(a)     in violation of Section 1770(a)(5), Defendant represented that the Products have characteristics and benefits (protein per serving) that they do not have (because they contain less whey protein per serving than indicated);

(b)     in violation of Section 1770(a)(7), Defendant represented that the Products are of a particular standard, quality, or grade (protein per serving), when they are of another (containing less protein per serving than indicated);

(c)     in violation of Section 1770(a)(9), Defendant has advertised the Products as containing a certain amount of protein per serving with the intent not to sell them as advertised; and

(d)     in violation of Section 1770(a)(16), Defendant has represented that the Products were supplied in accordance with previous representations (protein per serving), when in fact they were not (because they contain less protein per serving than indicated).

49.     Defendant knew or should have known that their representations of fact are material and likely to mislead consumers.

50.     Defendant's practices, acts, and course of conduct in marketing and selling the Products are likely to mislead a reasonable consumer acting reasonably under the circumstances to his or her detriment.  Like Plaintiff, members of the California Subclass would not have purchased the Products had they known the true amount of protein in the Products.

51.     Plaintiff and members of the California Subclass have been directly and proximately damaged by Defendant's actions.

52.     In conjunction with filing this Complaint, Plaintiff's Counsel mailed to Defendant, by certified mail, return receipt requested, the written notice required by Civil Code §1782(a).  Should

1 | Defendant fail to respond within thirty days of receipt, Plaintiff will amend to seek damages under the
2 | CLRA.

3 | 53.   Defendant has engaged in, and continues to engage in, business practices in violation of
4 | the CLRA by continuing to make false and misleading representations on their labeling of the
5 | Products.

6 | 54.   These business practices are misleading and/or likely to mislead consumers and should
7 | be enjoined.

8 | **<u>SECOND CAUSE OF ACTION</u>**

9 | **Violations of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.***
10 | **(On Behalf of the California Subclass)**

11 | 55.   Plaintiff incorporates all preceding factual allegations as if fully set forth herein.

12 | 56.   Plaintiff and the California Subclass have standing to pursue a cause of action for false
13 | advertising under the FAL because Plaintiff and members of the California Subclass have suffered an
14 | injury-in-fact and lost money as a result of Defendant's actions as set forth herein.

15 | 57.   Defendant advertised, marketed, and otherwise disseminated misleading information to
16 | the public through the product labels.  Defendant continues to disseminate such statements.

17 | 58.   Defendant's statements are misleading and Defendant knows that these statements are
18 | misleading, or could have discovered their misleading nature with the exercise of reasonable care.

19 | 59.   Plaintiff and California Subclass members relied on Defendant's marketing and
20 | labeling.  Defendant's actions violate the FAL.

21 | 60.   As a direct and proximate result of Defendant's actions, as set forth herein, Defendant
22 | has received ill-gotten gains and/or profits, including but not limited to money from Plaintiff and
23 | California Subclass members who paid for the Products.  Therefore, Defendant has been unjustly
24 | enriched.

25 | 61.   Plaintiff and California Subclass members seek injunctive relief, restitution, and
26 | disgorgement of Defendant's ill-gotten gains as provided for by Cal. Bus. & Prof. Code §17535.

27 | 62.   Plaintiff and California Subclass members seek injunctive relief to compel Defendant
28 | from continuing to engage in these wrongful practices in the future.  No other adequate remedy at law

exists. If an injunction is not ordered, Plaintiff and California Subclass members will suffer irreparable harm and/or injury.

### THIRD CAUSE OF ACTION

**Violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.***

**(On Behalf of the California Subclass)**

63.     Plaintiff incorporates all preceding factual allegations as if fully set forth herein.

64.     Plaintiff and the California Subclass have standing to pursue a cause of action for false advertising under the UCL because Plaintiff and members of the California Subclass have suffered an injury-in-fact and lost money as a result of Defendant's actions as set forth herein.

65.     Defendant's actions as described herein constitute unfair conduct within the meaning of the UCL, in that Defendant has engaged in deceptive business practices by falsely advertising the content of protein in the Products.

66.     Defendant's actions as described herein constitute unlawful conduct within the meaning of the UCL, in that Defendant has engaged in unlawful, unfair, and deceptive business practices by violating California's Sherman Food Drug & Cosmetic Act, the FAL, the CLRA, and 21 C.F.R. 101, *et seq.*

67.     Defendant's actions also constitute fraudulent conduct within the meaning of the UCL, in that Defendant has made unfair, deceptive, untrue or misleading statements in advertising mediums, including the Products' labeling.

68.     Defendant's actions have caused economic injury to Plaintiff and California Subclass members. Plaintiff and California Subclass members would not have purchased the Products had they known the true nature of the whey protein content.

69.     Pursuant to Bus. & Prof. Code §17203, Plaintiff and California Subclass members seek an injunction enjoining Defendant from continuing to market, advertise, and sell the Products without first complying with federal and state law and to prevent Defendant from continuing to engage in unfair competition or any other act prohibited by law.

CLASS ACTION COMPLAINT

70.     Plaintiff and California Subclass members also seek an order requiring Defendant to make full restitution and disgorgement of their ill-gotten gains of all money wrongfully obtained from Plaintiff and California Subclass members as permitted by Bus. & Prof. Code §17203.

**FOURTH CAUSE OF ACTION**

**Unjust Enrichment**

**(On Behalf of the Classes)**

108.    Plaintiff incorporates all preceding factual allegations as if fully set forth herein.

109.    Plaintiff and Class Members conferred benefits on Defendant by purchasing the Products.

110.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class Members' purchase of the Products.  Retention of those monies under these circumstances is unjust and inequitable because Defendant's labeling of the Products was misleading to consumers, which caused injuries to Plaintiff and Class Members because they would have not purchased the Products, or would not have paid as much for them, had they known the true facts.

111.    Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class Members for their unjust enrichment, as ordered by the Court.

**FIFTH CAUSE OF ACTION**

**Breach of Express Warranty**

**(On Behalf of the Classes)**

112.    Plaintiff incorporates all preceding factual allegations as if fully set forth herein.

113.    Plaintiff, and each member of the Classes formed a contract with Defendant at the time Plaintiff and the other Class members purchased the Products.  The terms of the contract includes the promises and affirmations of fact made by Defendant on the Products' packaging and through marketing and advertising, as described above.  This labeling, marketing, and advertising constitute express warranties and became part of the basis of bargain, and are part of the standardized contract between Plaintiff and Class members on the one hand, and Defendant on the other.

CLASS ACTION COMPLAINT

114.    Defendant purports through its advertising, labeling, marketing and packaging to create an express warranty that the Product contained specific amounts of protein.

115.    Plaintiff and the Classes performed all conditions precedent to Defendant's liability under this contract when they purchased the Products.

116.    Defendant breached express warranties about the Products and its qualities because Defendant's statements about the Products were false and the Products do not conform to Defendant's affirmations and promises described above.  Plaintiff and Class Members would not have purchased the Products had they known the true nature of the Products' ingredients and what the Products did and did not contain.

117.    As a result of Defendant's breach of warranty, Plaintiff and Class Members have been damaged in the amount of the purchase price of the Products and any consequential damages resulting from the purchases.

## PRAYER FOR RELIEF

Plaintiff requests for the following relief:

A.    Certification of the proposed National Class;

B.    Certification of the proposed California Subclass;

D.    Appointment of Plaintiff as class representative;

E.    Appointment of the undersigned counsel as counsel for the Classes;

F.    A declaration that Defendant's actions complained of herein violate the UCL, the FAL, and the CLRA;

G.    A declaration that Defendant was unjustly enriched;

H.    A declaration that Defendant breached an express warranty to Plaintiff;

I.    An order enjoining Defendant from engaging in the unlawful conduct set forth herein;

J.    An order compelling Defendant to conduct corrective advertising;

K.    An award to Plaintiff and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

L.    Leave to amend this Complaint to conform to the evidence presented at trial; and

CLASS ACTION COMPLAINT

1    M.    Orders granting such other and further relief as the Court deems necessary, just, and
2  proper.

3                                    **JURY DEMAND**

4        Plaintiff demands a trial by jury for all issues so triable.

5

6  Dated:  January 29, 2015                  Respectfully submitted,
                                            **AHDOOT & WOLFSON, PC**
7

8

9                                            Tina Wolfson
10                                           1016 Palm Avenue
                                            West Hollywood, CA 90069
11                                           Tel: (310) 474-9111
                                            Fax: (310) 474-8585
12                                           Email: twolfson@ahdootwolfson.com

13                                           Nick Suciu III (*Pro Hac Vice* Application Forthcoming)
                                            **BARBAT, MANSOUR & SUCIU PLLC**
14                                           434 West Alexandrine #101
                                            Detroit, MI 48201
15                                           Tel: (313) 303-3472
16                                           Email: nicksuciu@bmslawyers.com

17                                           Jonathan Shub
                                            **SEEGER WEISS, LLP**
18                                           1515 Market Street
                                            Philadelphia, PA 19102
19                                           Tel: (215) 564-1300
20                                           Email: jshub@seegerweiss.com

21                                           Counsel for Plaintiff,
                                            Brendan Eisan
22

23

24

25

26

27

28

---
                                        13

**AFFIDAVIT OF TINA WOLFSON**

I, Tina Wolfson, declare as follows:

1.     I am an attorney with the law firm of Ahdoot & Wolfson, PC, counsel for Plaintiff Brendan Eisan ("Plaintiff") in this action.  I am admitted to practice law in California and before this Court, and am a member in good standing of the State Bar of California.  This declaration is made pursuant to California Civil Code section 1780(d).  I make this declaration based on my research of public records and upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2.     Based on my research and personal knowledge, Defendant Forward Foods, LLC ("Defendant") does business within the County of San Francisco and Plaintiff purchased Defendant's products within the County of San Francisco, as alleged in the Class Action Complaint.

I declare under penalty of perjury under the laws of the United States and the State of California this 29th day of January, 2015 in West Hollywood, California that the foregoing is true and correct.

Tina Wolfson

CLASS ACTION COMPLAINT